UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| LLOYD BRIDGERS WALLACE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16 CV 114 |
| | ) | |
| SHERWOOD FOOD DISTRIBUTORS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Lloyd Wallace, a *pro se* plaintiff, has filed a complaint (DE # 1) seeking relief under 42 U.S.C. § 1983 along with a Motion for Leave to Proceed *In Forma Pauperis* (DE # 2). Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a

claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Plaintiff names four defendants in his suit alleging a violation of his civil rights. (DE # 1 at 2.) Plaintiff alleges that defendant Sherwood Food Distributors ("Sherwood") has engaged in discrimination against him on account of his race. (*Id.*) He alleges that since 2013, Sherwood's drivers harassed and intimidated him at his home while making deliveries to another named defendant, Albright's Meats and Deli ("Albright's"). (*Id.*) As part of the ongoing pattern of discrimination, he also alleges the "use of law enforcement as a tool of intimidation." (*Id.*) He attributes this conduct to both Sherwood and Albright's as well as the remaining two defendants, Morning Fresh Superior Food Distributors and Troyers Food. (*Id.*)

Ordinarily, private citizens cannot be held liable under § 1983 which requires a state action under color of state law. *Brokaw v. Mercer Cty.,* 235 F.3d 1000, 1016 (7th Cir. 2000). However, liability can arise if a private citizen conspires with a state actor to deprive the plaintiff of his constitutional rights. *Id.* In order to prevail, a plaintiff must

2

show that: "(1) a state official and private individual(s) reached an understanding to deprive him of his constitutional rights; and (2) those individual(s) were willful participant(s) in joint activity with the State or its agents."*Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (internal citations and quotation marks omitted). "There must be a conspiracy, an agreement on a joint course of action in which the private party and the state have a common goal. *Gramenos v. Jewel Cos., Inc.,* 797 F.2d 432, 435 (7th Cir. 1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970)).

While § 1983 conspiracy allegations need not be pled with particularity, *Loubser v. Thacker,* 440 F.3d 439, 442 (7th Cir. 2006), mere suspicion or bare allegations that persons have conspired against the plaintiff are not enough. *Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009); *Evers v. Reak,* 21 Fed. Appx. 447, 450 (7th Cir. 2001) ("Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden."). At minimum, the plaintiff must allege the parties, the general purpose and the approximate date of the conspiracy. *Loubser,* 440 F.3d at 443.

Plaintiff alleges that since 2013, defendants have harassed and intimidated him in his home. In the process, at least one of the defendants used law enforcement as a tool to intimidate him. However, he stops short of providing any factual detail. From these sparse allegations, the court cannot ascertain the nature of any state actions or whether the parties were joined in any sort of conspiracy. In fact, it is not clear whether plaintiff even intends to allege a conspiracy between defendants and law enforcement. The approximate date of the conspiracy is adequately alleged, however, the remaining

allegations are entirely too vague and fall short of the mark. In the absence of any identifiable state action under color of state law, the complaint does not state a plausible claim under § 1983.

For the foregoing reasons, plaintiff's complaint will be dismissed for failing to state a claim upon which relief can be granted unless plaintiff **SHOWS CAUSE** by June 17, 2016 why this action should not be dismissed. *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**SO ORDERED.**

Date: May 20, 2016

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT